IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

Breshia Robinson, Plaintiff

v.

Lilac Healthcare (d/b/a Lake Mariam Health and Rehab), Defendant

COMPLAINT AND DEMAND FOR JURY TRIAL

JUL 1 2025 PM2:32
FILED - USDC - FLMD - TPA

8:25 cv - 1695 - KKM - CPT

---

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e), the Americans with Disabilities Act (42 U.S.C. §12101), and 28 U.S.C. §1331 (federal question jurisdiction).

2. Venue is proper under 28 U.S.C. §1391(b) because the events giving rise to this complaint occurred in Polk County, Florida, within this District.

# II. PARTIES

3. Plaintiff, Breshia Robinson, is a licensed healthcare professional residing in Polk County, Florida.

4. Defendant, Lilac Healthcare (d/b/a Lake Mariam Health and Rehab), is an employer operating in Polk County, Florida, engaged in commerce and subject to the laws cited herein.

# III. FACTUAL ALLEGATIONS

5. On or about April 8, 2025, Plaintiff experienced a medical emergency while on duty and requested reasonable accommodation in the form of time to rest.



6. Management denied this request and followed Plaintiff around the facility, harassing her instead of allowing time to recover.

7. Plaintiff contacted the Medical Director, who permitted her to leave, and she sought emergency care that day.

8. Plaintiff filed a formal grievance on April 10, 2025, regarding harassment and denial of accommodation.

9. Plaintiff was suspended on April 11, 2025, without formal explanation; while her union representative was on the phone during that meeting, she was not afforded full union support.

10. On April 25, 2025, Plaintiff requested union representation during a disciplinary meeting and was denied.

11. Plaintiff was terminated on April 25, 2025, for allegedly violating a scheduling policy she had no opportunity to learn of while suspended.

12. Management retaliated further by discouraging staff from supporting Plaintiff and allowing false statements to circulate that harmed her reputation.

# IV. CLAIMS FOR RELIEF

## Count 1: Disability Discrimination (ADA)

13. Defendant discriminated against Plaintiff based on perceived or actual disability, failing to accommodate and terminating her.

## Count 2: Retaliation (Title VII / ADA)

14. Plaintiff engaged in protected activity by requesting accommodation and reporting unsafe practices, leading to retaliation.

## Count 3: Denial of Union Rights / Weingarten Rights

15. Defendant denied Plaintiff union representation during critical meetings, contributing to retaliation and procedural unfairness.

## Count 4: Defamation

16. Defendant permitted or encouraged the spread of false claims that harmed Plaintiff's professional reputation.

# V. RELIEF REQUESTED

WHEREFORE, Plaintiff requests:

- Back pay and lost benefits from the date of termination through the end of the year.

- Compensation for emotional distress and harm to reputation.

- Compensation for time and effort spent pursuing this case.

- Punitive damages where appropriate.

- Costs, interest, and other relief the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Plaintiff Contact Information

Breshia Robinson

127 D Street Apt B

Lake Wales, FL 33853

229-221-0659

breshia60@gmail.com

